IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-30865

JAMES HAROLD MOORE, JR; ET AL

      Plaintiffs

  v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; ET AL

      Defendants
------------------------------------------------------

JAMES HAROLD MOORE, JR; JIM MOORE INSURANCE AGENCY INC;
BLANCHE A MOORE, doing business as Moore Insurance Agency

      Plaintiffs - Appellants

  v.

AMERICAN HOME ASSURANCE COMPANY; STATE FARM FIRE &
CASUALTY COMPANY

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-03515

Before BENAVIDES, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's grant of summary judgment in favor of Appellees State Farm Fire & Casualty Co. ("State Farm") and American Home Assurance Co. ("American Home") on all counts asserted against them by Appellants James Harold Moore Jr. ("Moore"), his wife Blanchard A. Moore (d/b/a Jim Moore Insurance Agency), and the Jim Moore Insurance Agency. The district court held that Appellees—Appellants' liability insurers—owed no duty of defense and no coverage to Appellants for the claims asserted in a previously filed suit. After a de novo review of the record, in which all reasonable inferences were drawn in favor of Appellants, we agree that summary judgment was proper and that Appellees were entitled to judgment as a matter of law.

Appellants contend that the district court erred in holding that Appellees were not obligated to defend or provide coverage to Appellants in the suit filed by Moore against State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company, and State Farm General Life Insurance Company (collectively, the "State Farm Defendants"). Specifically, Appellants contend that the court erred in holding that the counterclaims and defenses asserted by the State Farm Defendants were not covered under the relevant policies because they were not claims for "damages," as required by the policy language, or were not otherwise covered claims under the policies. The State Farm Defendants' counterclaims and affirmative defenses requested two types of relief: (1) setoff of the Appellants' damages for their alleged breach of contract and (2) injunctive and declaratory relief concerning Appellants' alleged breach of the agency contract. The district court held that the claims pointed to by Appellants were not covered—and thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not trigger the duty to defend—because they could not have obligated Appellants to pay monetary damages, as required by the State Farm and American Home policies, and did not allege the type of injuries covered under the relevant policy language.

The district court did not err in its analysis. This is a diversity suit regarding insurance policies issued in Louisiana, and is thus governed by Louisiana law. Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003). "It is well settled in Louisiana that an insurer's duty to defend suits filed against its insured is determined by a comparison of the allegations of the plaintiff's complaint and the terms of the policy, with the insurer having a duty to defend unless the allegations in the complaint unambiguously exclude coverage." Jenson v. Snellings, 841 F.2d 600, 612 (5th Cir. 1988) (applying Louisiana law). Here, none of the allegations underlying the counterclaims or defenses for which the Appellants sought a defense from Appellees presented a covered claim under the relevant policies. The State Farm Defendants did not seek monetary damages, a prerequisite to coverage under both the American Home and State Farm policies. Even if any of the claims could be termed claims for damages, the claims did not allege the types of injuries that were covered under the policies. The judgment of the district court is AFFIRMED.